UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN CHARLES HOCHSCHILD, II,

      Plaintiff,

      v.                                    Case No. 21-cv-1217-bhl

WISCONSIN DEPARTMENT OF
CORRECTIONS,

      Defendant.

---

## SCREENING ORDER

---

Plaintiff John Charles Hochschild, II, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. Hochschild paid the civil case filing fee in full on October 26, 2021. Before the Court could screen the original complaint, Hochschild filed an amended complaint on November 3, 2021. Dkt. No. 4. Because an amended complaint replaces the prior complaint, *see Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998), this matter comes before the Court for screening of the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the

Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Hochschild is an inmate at the Waupun Correctional Institution. Dkt. No. 4 at 1. Defendant is the Wisconsin Department of Corrections (DOC). *Id*.

On June 20, 2021, between 10 a.m. and noon, "staff" failed to give Hochschild his midday dose of Lithium, a psychotropic medication for manic depression. *Id*. at 2. Hochschild states

2

that Lithium is a strong medication that individuals cannot "abruptly stop taking." *Id*. at 3. It is the type of medication that must be "substituted and slowly weaned off of." *Id*. As a result of not receiving his mid-day dose of the medication, Hochschild "did not feel good at all" and he was "sweating" and "hallucinating." *Id*. at 2. Hochschild states that "[t]he walls were moving like rain on a window" and he was "seeing things crawl up and down the edges and corners of the bunk." *Id*. Hochschild explains that he was "really scared" and thought he was "going to die." *Id*. He was therefore unable to contact staff for help. *Id*. Later that day, when Hochschild received his nightly dose of the medication, the hallucinations and other symptoms began to subside. *Id*. at 2-3. "At a later date," he notified "Health and Psychological Services" about the incident. *Id*. at 3.

For relief, Hochschild seeks "100% tuition including taxes, credit fees, and new books for associates degrees in business management and small business entrepreneurship through prison MPTC." *Id*. at 4. He seeks monetary damages for pain and suffering. *Id*. He asks for an "immediate order" requiring a nurse to bring him all of his medications. *Id*. And he asks for the Court to "certify all outgoing mail injunction till 3-12-26." *Id*.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

"[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citations omitted). Indeed, "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant."

3

*Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006). Instead, to seek monetary damages through a §1983 lawsuit, Hochschild must identify a specific person in their "individual capacity" that violated his constitutional rights, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and to seek injunctive relief though a §1983 lawsuit Hochschild must identify a specific person in their "official capacity" that violated his constitutional rights, *see Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (concluding that the proper defendant for injunctive relief in a §1983 claim is the government official "responsible for ensuring any injunctive relief is carried out.") The only named defendant in this case is the DOC. Hochschild has not identified any "persons," in their individual or official capacities, as defendants in this case. Thus, he fails to state a claim upon which relief can be granted.

But even if Hochschild had named proper defendants in this case, he still would not have stated a claim upon which relief can be granted. To state an individual capacity claim under the Eighth Amendment, Hochschild must allege that: (1) he had an objectively serious medical condition; and (2) prison officials were subjectively deliberately indifferent towards that serious medical condition. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). A plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Mistakes, inadvertent errors, negligence, gross negligence, and even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Indeed, isolated incidents of neglect do not rise to the level of deliberate indifference.

4

*Gutierrez v. Peters,* 111 F.3d 1364, 1374–75 (7th Cir. 1997*); see also Anderson v. Novak*, No. 20-CV-901-BBC, 2021 WL 39621, at *2 (W.D. Wis. Jan. 5, 2021) (concluding that the defendant's "one-time mistake" did not support a constitutional claim); *see also Reed v. Waterman*, No. 20-CV-90-BBC, 2020 WL 2849960, at *2 (W.D. Wis. June 2, 2020) (concluding that "a one-time error" regarding prescription medication was not deliberate indifference.).

To state an official capacity claim under the Eighth Amendment, Hochschild must allege: (1) DOC policymakers had a practice of distributing prescription medication that violated his Eighth Amendment rights; and (2) the practice was "so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Hildreth v. Butler,* 960 F.3d 420, 426–27 (7th Cir. 2020) (quoting *Phelan v. Cook Cty.*, 463 F.3d 773, 789, 790 (7th Cir. 2006)). This requires "more than a showing of one or two missteps." *Id.* There must be "systemic and gross deficiencies." *Id.* Hochschild must allege that policymakers "knew of the deficiencies and failed to correct them, manifesting deliberate indifference." *Id.*

Hochschild has only identified one isolated incident, from a mid-day medication distribution on June 20, 2021, where unidentified "staff" failed to give him his medication. A one-time error is not enough to state either an individual capacity claim against the person who forgot to give him his medication or an official capacity claim against a DOC policymaker for "systemic and gross deficiencies" regarding the medication distribution process at Waupun Correctional Institution. Hochschild also does not allege that he notified anyone about his concerns regarding his medication or the medication distribution process before the constitutional violation allegedly occurred. Instead, he only contacted "Health and Psychological Services" about these issues "at a later date," after the incident had already occurred. And Hochschild cannot seek any of the other relief he mentions (i.e. books/tuition/credits for his business classes and certification regarding his

5

outgoing mail) as they are completely unrelated to the facts of his underlying Eighth Amendment claim. Thus, Hochschild fails to state a claim upon which relief can be granted and the Court will dismiss both his original complaint and his amended complaint.

District courts, however, must generally give civil *pro se* plaintiffs at least one opportunity to amend their complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Because Hochschild mentions a request for injunctive relief, i.e., that a nurse bring him all of his medication going forward, the Court will give him an opportunity to file a second amended complaint to attempt to state a claim regarding that relief. Specifically, Hochschild must: (1) name an individual defendant who is responsible for carrying out that injunction; (2) identify any other incidents where he has had issues with his medication distribution; (3) provide information about when he complained about those other incidents; and (4) provide information about who he complained to about those other incidents. If Hochschild comes to believe that he does not have a claim (either because there have been no other incidents with his medication distribution or because he did not tell anyone about those other incidents), the Court will give him the option to voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g). Hochschild must simply file a document with the Court asking to voluntarily dismiss this case.

The Court will enclose a blank prisoner amended complaint form and a guide for *pro se* prisoners that explains how to file a complaint that the Court can screen. The Court will require Hochschild to use that blank prisoner amended complaint form to file his second amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Hochschild believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The second amended complaint should be no more than <u>ten</u> pages total.

Hochschild should be aware that the second amended complaint must bear the docket number assigned to this case. The second amended complaint replaces the prior complaints and must be complete in itself without reference to the other complaints. *See Duda*, 133 F.3d at 1056–57. If Hochschild files a second amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If he does not file a second amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the original complaint and amended complaint are **DISMISSED** because they fail to state a claim upon which relief can be granted. The plaintiff may file a second amended complaint that complies with the instructions in this order on or before **December 22, 2021**. If the plaintiff files a second amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If the plaintiff does not file a second amended complaint, the Court will dismiss this case based on his failure to state a claim in his original and amended complaints. Hochschild may also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 30, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge