UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN CHARLES HOCHSCHILD, II,

    Plaintiff,

v.                                                                 Case No. 21-cv-1217-bhl

C.O. HORTON,

    Defendant.

## SCREENING ORDER

Plaintiff John Charles Hochschild, II, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Before the Court could screen the original complaint, Hochschild filed an amended complaint on November 3, 2021. On November 30, 2021, the Court screened and dismissed the amended complaint for failure to state a claim upon which relief could be granted, and it gave Hochschild an opportunity to file a second amended complaint. Dkt. No. 5. Hochschild filed a second amended complaint on December 27, 2021. Dkt. No. 7. The Court will screen the second amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Hochschild alleges generally that he has been deprived his medications by multiple unnamed officers during an unspecified time period, but in this case, he is suing Defendant C.O. Horton based allegations that he denied him his medications on three separate occasions. Dkt. No. 7. Specifically, Hochschild states that on June 20, 2021, between 10 a.m. and noon, C.O. Horton failed to give him his mid-day dose of Lithium, the medication used to treat his manic depression,

2

for the first time. *Id.* at 2. Due to the missed dose, Hochschild began to sweat badly and hallucinate. *Id.* Hochschild alleges that C.O. Horton knows of his medical condition and that without his medication he is a substantial risk to himself and others. *Id.* Further, although he does not provide the dates, Hochschild states that C.O. Horton failed to provide him with his medication two more times after June 20, 2021. *Id.* at 3. For relief, Hochschild seeks $400,000.00 in punitive damages and an "immediate order" requiring staff to bring him all of his medications during lockdown or allow him to take his medications at the Health Services Unit (HSU). *Id.* at 4.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Hochschild's allegations invoke his rights under the Eighth Amendment, which secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To allege a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, the plaintiff must show (1) an objectively serious medical condition; (2) that defendants knew of the condition and were deliberately indifferent in treating it; and (3) that this indifference caused plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). For deliberate

3

indifference, a plaintiff must allege "that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Mistakes, inadvertent errors, negligence, gross negligence, and even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Additionally, for a delay in providing treatment to be actionable under the Eighth Amendment, the plaintiff must also allege that the delay exacerbated his injury or unnecessarily prolonged pain. *Petties*, 836 F.3d at 730–31.

Hochschild's manic depression is an objectively serious medical condition. Hochschild alleges that C.O. Horton knows of his medical condition and that without his medication he is a substantial risk to himself and others. Further, Hochschild alleges that C.O. Horton failed to provide him his medication three times. Therefore, the Court finds that Hochschild may proceed on a claim against C.O. Horton for deliberate indifference to a serious medical condition in violation of the Eighth Amendment.

**IT IS THEREFORE ORDERED** that the Clerk's Office is directed to file Hochschild's proposed second amended complaint (Dkt. No. 7) as the operative complaint.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Hochschild's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on C.O. Horton.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, C.O. Horton shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hochschild is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge